```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY

LAQUAN WRIGHT                  :   CIVIL ACTION
                               :
         v.                    :
                               :
IMPACT SITE WORKS, et al.      :   NO. 19-18529
```

MEMORANDUM

Bartle, J.                                         January 25, 2021

Plaintiff Laquan Wright brings this action against his former employer, Impact Site Works, LLC ("Impact"), his former supervisor Kurt O'Hare ("O'Hare"), the Vice President of Impact, Jon Morgan ("Morgan"), and a Human Resources Manager for Impact, Debra Pappas ("Pappas") (collectively "defendants"). He alleges: (1) interference and retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"); (2) discrimination, retaliation, and failure to accommodate in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("NJLAD"); and (3) discrimination, retaliation, and failure to accommodate in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). Plaintiff avers in the complaint that defendants discriminated and retaliated against him after he requested FMLA leave, which ultimately lead to his constructive discharge from Impact. Before the court is the motion of defendants for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

I

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986).  We view the facts and draw all inferences in favor of the nonmoving party.  See In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

Summary judgment is granted where there is insufficient record evidence for a reasonable factfinder to find for the nonmovant.  See Anderson, 477 U.S. at 252.  "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." Id.

II

The following facts are undisputed or taken in light most favorable to Wright.

Wright started working as an Equipment Operator at Impact's Florence, New Jersey location on February 7, 2018.  As

-2-

part of his job, he operated a machine called an Excavator with a bucket attachment, which was used to pick up debris, concrete, and other materials. He reported to Site Supervisor O'Hare.  In or around June 2019, Wright filed paperwork with Impact's Human Resources Department, in which he requested FMLA leave for intermittent back pain.  Thereafter, Wright sought and was granted FMLA leave from July 23, 2019 through August 9, 2019.  Wright returned to work on Monday, August 12, 2019, and presented a note to O'Hare and Pappas from his medical doctor, Dr. Chavez, which stated:

> restrictions. No lifting, pushing more than
> 20 lbs when wrist flares up and back pain.

When he returned to work from his FMLA leave, Wright was no longer assigned to operate the Excavator machine with the bucket attachment.  Instead, he was directed to operate a machine with a jackhammer attachment, which is used to perforate concrete.  Wright was also asked to perform some manual labor tasks, including removing debris, moving demolition rubber, sorting metal and lifting objects.  According to Wright, he "had never been asked to perform these types of manual labor tasks" before he sought FMLA leave.  On September 11, 2019, Wright sent a message to O'Hare and Impact's Human Resources Department in which he submitted his resignation.  In his note, he stated:

> Letting u know I'm not coming back. Told
> Kurt already. He didn't give me my job back

-3-

> before August like I did before. I told u guys had med restrictions, nobody cared. My body is all messed up now and can't do that kind of work. Can't take this pain any longer. Looking for new job and hoping u guys will give me a good reference.

Two days later, on September 13, 2019, Wright began working as an Equipment Operator at another company, C Geyer Construction, making $20.50 more per hour than he had made while working for Impact.

### III

We first address Wright's FMLA claim.  Defendants assert that summary judgment should be granted because:  (1) Wright was aware of Impact's FMLA leave policy and his application was processed expeditiously; (2) he was not constructively discharged; and (3) he did not suffer any damages.  Wright counters that he: (1) has stated a valid claim for FMLA interference and retaliation; (2) he was constructively discharged; and (3) he was not reinstated to his original or equivalent position when he returned from FMLA leave.

FMLA claims are commonly brought under a theory of either interference or retaliation.  Callison v. City of Philadelphia, 430 F.3d 117, 119 (3d Cir. 2005).  An FMLA interference claim arises under 29 U.S.C. § 2615(a)(1), which makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right

-4-

provided under" the FMLA.  An FMLA retaliation claim arises under 29 U.S.C. § 2615(a)(2), which makes it "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" by the FMLA.  Here, Wright claims both interference and retaliation under the FMLA.  The FMLA also provides:

> any eligible employee who takes leave under section 2612 of this title for the intended purpose of the leave shall be entitled, on return from such leave . . . to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

29 U.S.C. §§ 2614(a)(1)(A)(B).  An equivalent position is:

> one that is virtually identical to the employee's former position in terms of pay, benefits and working conditions, including privileges, perquisites and status. It must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority.

29 C.F.R. § 825.215(a).

Damages available under the FMLA include lost wages and benefits, as well as interest and liquidated damages. 29 U.S.C. § 2617(a)(1)(A)(i).  However, damages under the FMLA are purely economic, and "damages for emotional distress and pain and suffering are not recoverable under the FMLA." <u>Third Circuit Model Jury Instructions</u>, Comment to Instruction 10.1.4,

lines 155-57.  Nominal and punitive damages are also not recoverable under the FMLA.  Thomas v. St. Mary Med. Ctr., 22 F. Supp. 3d 459, 476 (E.D. Pa. 2014).

      Here, defendants argue that Wright did not suffer damages because when he returned from his FMLA leave, he had the same title and position he held previously, with the same pay, and was assigned to work the same number of hours.  Wright asserts that when he returned, his duties changed because he was required to do manual labor and operate a machine with a jackhammer, instead of a machine with a bucket attachment that he had worked with previously.  According to Wright, the pressure from the jackhammer caused him chronic back and wrist pain.  Furthermore, Wright seeks back pay as a result of the alleged constructive discharge for the two days in between his resignation and his starting work at C Geyer Construction at higher pay.  There is clearly a genuine dispute of material fact as to whether Wright was reinstated to an equivalent position and whether he is entitled to back pay under the FMLA for the two-day period.  Accordingly, we will deny the motion of defendants for summary judgment with regards to the FMLA claim.

IV

      In addition, the Court has before it the motion of defendants O'Hare, Morgan, and Pappas for summary judgment on the plaintiff's claims under the FMLA even if there is a viable

-6-

FMLA claim against Impact.  They assert that individual liability under the FMLA does not exist.  They also move for summary judgment as to the plaintiff's claims under the ADA and NJLAD for the same reason.

The ADA does not provide for individual liability. See Koslow v. Pennsylvania, 302 F.3d 161, 178 (3d Cir. 2002).  Accordingly, we will grant the motion of defendants O'Hare, Morgan, and Pappas to dismiss that claim as t them.

The FMLA and the NJLAD, however, do permit individual liability under each statute.  See Haybarger v. Lawrence Cty. Adult Prob. & Parole, 667 F.3d 408, 414 (3d Cir. 2012) and Cicchetti v. Morris County Sheriff's Office, 947 A.2d 626, 645 (2008).  There are genuine disputes of material fact as to each of O'Hare's, Morgan's, and Pappas's involvement in the events that led to this suit.  Accordingly, we will deny their motion with regard to the FMLA and the NJLAD claims.

V

Finally, the Court also has before it the motion of Impact for summary judgment as to plaintiff's claims under the ADA and the NJLAD and the motion of the individual defendants as to plaintiff's claim under the NJLAD even if individual liability exists.  Clearly, there are genuine disputes of material fact regarding these claims.  The Court will deny

Impact's motion as to the ADA and the NJLAD and the individual defendants' motion as to the NJLAD.